UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Oksana Timoshenko <br><br>                    Plaintiff, <br><br><br>       -v.- <br><br> National Enterprise Systems, Inc. <br><br>                    Defendant. | Civil Action No: _____ <br><br> **COMPLAINT** |

Plaintiff Oksana Timoshenko ("Plaintiff" or "Timoshenko") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant National Enterprise Systems, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Queens, residing at 5932 57th Road, Floor 2, Maspeth, NY 11378.

3. Defendant is a debt collector with an address at 2479 Edison Boulevard, Unit A, Twinsburg, OH 44087.

4. National Enterprise Systems, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around September 1, 2016 Defendant sent an initial contact notice to the Plaintiff.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

   (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

13. The letter, in the third paragraph, states: "Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater."

14. Defendant is aware that during the collection of this debt the balance will not vary at all and stating that it may increase is merely a deceptive collection tactic.

15. Additionally, the threat of a balance increase overshadows the "g-notice" language and coerces the consumer not to exert her rights under the Fair Debt Collection Practices Act.

16.     Additionally the Plaintiff is a resident of New York state and in order to collect a debt in New York state a collection agency must include the following information: (1) the name of the original creditor; and (2) an itemized accounting of the charged-off debt, including the amount owed as of charge-off, total amount paid on the debt since the charge-off and the total post charge-off interest, charges and fees.

17.     This letter failed to contain this information in violation of the New York requirements.

18.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

20.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

21.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Oksana Timoshenko demands judgment from the Defendant National Enterprise Systems, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 30, 2016

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-650 0
Fax: (201) 282-6501